C. James **PADGETT** and Stuart
Graff, Petitioners,

v.

Eva **DAPELO**, Respondent.

No. 91 Civ. 7825 (MBM).

United States District Court,
S.D. New York.

July 7, 1993.

Carl M. Kuntz, Pollack & Greene, New York City, Donald J. Trinen, John F. McBride, Hart & Trinen, Denver, CO, for petitioners.

Susan N. Perkins, Susan N. Perkins, P.C., New York City, for respondent.

OPINION AND ORDER

MUKASEY, District Judge.

A prior Opinion and Order in this case, *Padgett v. Dapelo*, 791 F.Supp. 438 (S.D.N.Y. 1992), *aff'd mem.* 992 F.2d 320 (2d Cir.1993), familiarity with which is assumed for current purposes, confirmed an arbitral award against petitioners based on unsuitable stock purchases and churning of respondent's securities account by a broker employed at a firm of which respondents were principals. Petitioners move under Fed.R.Civ.P. 60(b)(3)[1] to set aside that result as fraudulent because Judge Martin of this Court found respondent to have lied in an unrelated action in which she claimed she had been denied promotion due to her age and sex, in violation of section 7 of the Age Discrimination in Employment Act, 29 U.S.C. § 626, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. Dapelo v. Banco Nacional de Mexico a/k/a Banamex*, 1993 WL 159943, 1993 U.S. Dist. LEXIS 6185 (S.D.N.Y.1993). ("*Banamex*") To prevail, petitioners must prove respondent's fraud, misrepresentation or other misconduct by clear and convincing evidence. 7 Moore's Federal Practice ¶ 60.24[5] (1993). For the reasons set forth below, the motion is denied.

Petitioners' argument may be summarized as follows: Respondent Eva Dapelo's claim against their brokerage firm was based on unsuitability of penny stock purchases in her account by broker Leonard Neuhaus, and his churning of that account. Suitability depends in part on the sophistication of the investor, and whether an account has been churned depends on whether the broker controlled that account. *See, e.g., Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 971 (2d Cir.1987); *Platsis v. E.F. Hutton & Co.*, 642 F.Supp. 1277, 1308 (W.D.Mich.1986) (claim of unsuitability turns on intelligence and sophistication of customer); *Newburger, Loeb & Co., Inc. v. Gross*, 563 F.2d 1057, 1069–70 (2d Cir.1977) (proof of churning requires proof of control). Central to both of those determinations is the customer's edu-

---

**1.** Fed.R.Civ.P. 60(b)(3) provides, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment .. for the following reasons: ... (3) fraud ... misrepresentation, or other misconduct of an adverse party."

**100**

cational and employment background, which might suggest sophistication or lack of it, and might help show that a broker took control of an account or that the customer was calling the tune. In Dapelo's suit against the bank, she submitted a resume in which she claimed to have a college degree in finance, and substantial experience in financial accounting. In her arbitration testimony, she said she was only a high school graduate and that her employment had been principally as a bookkeeper. *Banamex,* 1993 WL 159943 at *1, 1993 U.S. Lexis 6185 at *3. Moreover, although Dapelo told the arbitrators that the resume in question had been prepared by a friend, was somewhat exaggerated, *id.,* 1993 WL 159943 at *2, 1993 U.S. Lexis 6185 at *4, and had not been used in the employment market, Arb. Tr. 7/24/91 at 119, she had in fact proffered the resume to the bank. Judge Martin found that Dapelo "has no respect for the truth and she will swear to anything necessary to establish her claim of the moment." *Banamex,* 1993 WL 159943 at *3, 1993 U.S. Lexis 6185 at *8. These facts, petitioners argue, show that the arbitrators were misled as to Dapelo's level of sophistication and the likelihood that the broker controlled her account, and therefore the arbitral award was procured by fraud and should be vacated.

Petitioners' arguments are not supported by the record and therefore do not yield the result petitioners seek. Most important, the arbitrators had before them the disputed resume, and had the opportunity to determine whether Dapelo could be held responsible for the losing trades in her account. They examined Dapelo on the subject and drew the inferences they believed appropriate. Contrary to petitioners' arguments, there has been no showing that Dapelo lied to the arbitrators when she described her education and employment history. Here I do not mean to minimize in the slightest the seriousness of Dapelo's lying and manipulation in the case before Judge Martin. However, the issue in the arbitration was not whether Dapelo was a lamb without blemish, but only whether she was fleeced. The arbitrators concluded that she was, and nothing has happened since to prove that that conclusion resulted from fraud.

For the above reasons, the motion to set aside the judgment is denied.

SO ORDERED.